UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| LINDA GUYDEN, <br><br> Plaintiff, <br><br> v. <br><br> PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA, <br><br> Defendant | Civ. Action No. 00-4563 (KSH) <br><br><br> **OPINION ON PENDING MOTION TO VACATE ARBITRATION AND UNSEAL THE RECORD** |

**<u>KATHARINE S. HAYDEN, U.S.D.J.</u>**

The Court has before it a fully briefed motion brought by Linda Guyden, plaintiff in this lawsuit that asserts claims of race discrimination and retaliation, after a compelled arbitration proceeding. The submissions on Guyden's motion to vacate the arbitration award include her moving brief (docket entry # 33), Prudential's opposition brief (docket entry # 38), her reply brief (docket entry #40), and a letter from Prudential's attorneys asking the Court to strike or disregard the reply brief as raising new arguments not relied on in the initial brief (docket entry # 41). Prudential specifically requests oral argument.

The Court has read the legal arguments in the four documents referred to, along with the certifications and attachments that counsel have submitted. The Court has also reviewed the procedural events in the pre-arbitration life of the lawsuit. Plaintiff's lawsuit was filed on September 22, 2000. (Docket entry # 1.) On January 8, 2001, Prudential filed an amended answer and counterclaim. (Docket entry # 10.) On January 29, 2001, plaintiff filed an answer to the counterclaim. (Docket entry # 14.) On February 28, 2001, per court order, plaintiff was supplied with an unredacted copy of a fee agreement between Prudential and the law firm of Leeds &

Morelli. (Docket entry # 16.) Prudential moved to compel arbitration (docket entry # 18), and the issue was briefed by the parties. The Hon. Alfred J. Lechner, to whom the case was originally assigned, issued a written opinion dated August 30, 2001, directing the parties to arbitration. (Docket entry # 25.) The same day, Judge Lechner entered an order administratively terminating the case pending the arbitration. (Docket entry # 26.)

Because the record was sealed, plaintiff's counsel did not receive a copy of Judge Lechner's decision until March 7, 2002. (Docket entry # 27.) Plaintiff timely appealed, but withdrew the appeal on the basis that Judge Lechner did not dismiss her complaint. The Third Circuit entered an order dismissing the appeal with the agreement of the parties on February 14, 2003. (Docket entry # 31.) There were proceedings held in October, 2004 before Magistrate Judge Madeline Cox Arleo regarding discovery plaintiff sought on whether her claims were properly subject to arbitration. Plaintiff's challenge to arbitrability was an issue that Judge Lechner's opinion specifically reserved for the arbitrator to decide. (Opinion 30.) The arbitrator determined that her employment discrimination claims against Prudential _were_ arbitrable in an order dated December 3, 2004. (Watkins Cert. Ex. 2.) The arbitrator issued his decision on the merits of plaintiff's employment claims in February, 2007. (Watkins Cert. Ex. 1.) The pending motion practice ensued thereafter.

Plaintiff argues that the underlying agreement providing for arbitration ("the ADR agreement"), which was negotiated between Prudential and Leeds & Morelli, her then attorneys, is unenforceable as illegal and against public policy, void for reasons of fraud, unconscionable, and lacks consideration. The brief focuses on a fee agreement entered into by the law firm and Prudential on the same day as the ADR agreement, which is not referenced in the ADR agreement, whereby Prudential paid Leeds & Morelli a substantial amount of money. Plaintiff argues on p. 2 of her moving brief that Prudential and Leeds & Morelli engaged in "an outrageous course of conduct" that renders the underlying arbitration agreement unenforceable.

Prudential's opposition brief argues that plaintiff fails to address the proper legal standards for vacating a decision of the arbitrator under Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10(a)(1)-(4).  Prudential contends that Judge Lechner directed that the arbitrator should decide whether plaintiff's employment claims were subject to arbitration, and as indicated, the arbitrator ruled they were arbitrable in his December 3, 2004 order.  The order denied plaintiff's request for discovery "to further contest the validity of the underlying ADR agreement," and then held, without discussion: "The pending dispute is arbitrable pursuant to said Agreement."  (Watkins Cert. Ex. 2 at 2.)  Prudential argues that the time has long since elapsed for plaintiff to challenge that ruling.

Plaintiff's reply brief argues that the arbitrability ruling was not a separate matter and she is not out of time to challenge it.  She contends that the arbitrator exceeded his authority in conducting the arbitration; that the fraud, illegality, unconscionability, and lack of consideration arguments she has asserted in this case are matters only the court, not the arbitrator, could decide under the law; and that Judge Lechner mistakenly consigned them to the arbitrator.  She cites to legal authority that she claims is very much on point.  Prudential correctly notes in Docket entry # 41, counsel's letter seeking to strike the reply brief, that it has not had the opportunity to address those arguments, which were not made in the moving brief.

What strikes the Court is the absence of any examination of the facts or legal analysis of the plaintiff's challenge to the ADR agreement as the product of fraud, or unconscionable or lacking consideration, or illegal and against public policy.  In the last paragraph of Judge Lechner's decision granting a stay pending arbitration, he writes, "The issue raised by Guyden concerning fraud in the inducement of the ADR Agreement generally should be presented for resolution in the arbitration process."  (Opinion 29.)  In a footnote to that sentence, he writes, "Guyden also argues that the ADR Agreement is void or voidable based on an alleged lack of consideration, non-occurrence of a condition or violation of public policy. . . .  Such claims should likewise be presented for resolution in the arbitration process [citation omitted]."  <u>Id.</u>  In a sentence, after denying further discovery, the

3

arbitrator ruled plaintiff's claims were arbitrable. This, according to Prudential, lays to rest plaintiff's challenge to the validity of the ADR agreement; it is too late now to voice her arguments; and even if plaintiff is challenging the decision in a timely fashion, she has not met the formidable standards for vacating an arbitration award.

Judge Lechner did not dismiss plaintiff's lawsuit. The order accompanying his opinion directed that Magistrate Judge Arleo should decide Prudential's motion to seal, and administratively terminated the lawsuit "with the right of either party to reopen, if appropriate, following the completion of the arbitration proceedings." (Docket entry # 26.) During proceedings before Magistrate Judge Arleo on discovery related to the validity of the ADR agreement, she said that she was bothered by plaintiff's assertions. From the transcript of the hearing, Judge Arleo—reluctantly, it appears—determined that further discovery should be ruled on by the arbitrator, consistent with how Judge Lechner (who had left the bench by then) had ruled. On that issue too the arbitrator ruled against plaintiff in one sentence.

The Court notes that a "terse" ruling is not in and of itself grounds to vacate an arbitrator's decision. However, inasmuch as arbitrability is factually tethered to the ADR agreement, the Court believes Prudential should respond to the issues raised in both of plaintiff's briefs. The Court **denies plaintiff's motion to vacate the arbitration award without prejudice to re-filing**. Plaintiff is directed to file a brief that sets forth **but does not add to** legal arguments in her moving and reply briefs; Prudential shall file opposition; and plaintiff may file reply to the opposition.

As to the record on the re-filed motion: the parties need not resubmit the documents attached to the certifications already filed, and shall use the same designations as before. If Prudential needs to augment the record in its opposition, it may do so. No further enlargement of the record. Oral argument will be granted. An order will be filed setting forth the briefing schedule and argument date.

      There does not appear to be any opposition to the motion to lift the seal, and it is **granted** by a separate order.


Dated:  March 24, 2008                                               /s/ Katharine S. Hayden
                                                                        Katharine S. Hayden
                                                                       United States District Judge